UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    **08-CR-835 (TCP)**

        - against -

                                                    **MEMORANDUM
                                                    AND ORDER**


REGINALD LAWRENCE,


                              Defendant.
------------------------------------------------------------X
PLATT, District Judge.

        Before the Court is defendant Reginald Lawrence's motion for re-sentencing based on the

retroactive application of amended U.S.S.G. § 2D1.1.  That amendment is, however, inapplicable

to defendant's case and his motion is hereby **DENIED**.

                                **Background**

*Facts*

        Defendant was arrested on October 10, 2008 on a complaint alleging that on November

10, 2007, defendant knowingly and intentionally distributed and possessed with intent to

distribute fifty grams or more of crack cocaine.[1]  On November 19, 2008, defendant was charged

in a two-count indictment.  Count one of the indictment contained the crack cocaine incident

alleged in the complaint.  On February 27, 2009, defendant pleaded guilty to count one of the

indictment pursuant to a plea agreement, which count carried a mandatory minium sentence of

120 months pursuant to 21 U.S.C. § 841(b)(1)(A(iii).  Through his sentencing memorandum,

defendant acknowledged that although his Presentence Investigation Report and plea agreement

------------------------------

1.  The facts are taken from defendant's Presentence Report and the government's uncontested opposition to
defendant's motion.

stated that his advisory Guidelines sentencing range was between 78-97 months, the statutory

minimum sentence was 120 months. On July 9, 2009, this Court sentenced defendant to 120

months.

## Discussion

### *Legal Standard*

Pursuant to 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment once

it has been imposed except that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if such a reduction is consistent with applicable
> policy statements issued by the Sentencing Commission.

The Sentencing Commission has identified the amendments that may be applied

retroactively pursuant to § 3582(c)(2) as well as the proper procedure for implementing an

amendment. The section applicable to this case, U.S.S.G. § 1B1.10(a), provides:

> (1)　　In General.--In a case in which a defendant is serving a term of
> imprisonment, and the guideline range applicable to that defendant has
> subsequently been lowered as a result of an amendment to the Guidelines
> Manual listed in subsection (c) below, the court may reduce the
> defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).
> As required by 18 U.S.C. 3582(c)(2), any such reduction in the
> defendant's term of imprisonment shall be consistent with this policy
> statement.
>
> (2)　　Exclusions.--A reduction in the defendant's term of imprisonment is not
> consistent with this policy statement and therefore is not authorized under
> 18 U.S.C. 3582(c)(2) if--
>
> (A) None of the amendments listed in subsection (c) is applicable to the
> defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)    Limitation.-Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

This version of § 1B1.10 became effective November 1, 2011 and is the basis of the instant motion for resentencing.

In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court addressed the procedure for applying a retroactive guideline amendment. "A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 130 S. Ct. at 2691. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* Section 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692.

***Whether the Amendment Applies to Defendant***

The Sentencing Commission added part A of Amendment 750, which altered the offense

levels of § 2D1.1 that apply to crack cocaine offenses, to § 1B1.10(c) as a retroactive

amendment.  In defendant's case and based on the amount of crack involved in his offense,

however, he was sentenced pursuant to a statute with a mandatory ten year minimum term.

"When a crack cocaine offender is sentenced to a mandatory minimum term of imprisonment, his

sentence is set by statute rather than a sentencing range that may have been subsequently lowered

by an amendment to the Guidelines."  *United States v. Royal*, No. 08 Civ. 698, 2012 WL 527429,

at *2 (S.D.N.Y. Feb. 17, 2012) (citing *United States v. Williams*, 551 F.3d 182, 185 (2d Cir.

2009)).  Given that, defendant's sentence is not affected by Amendment 750 because he was

sentenced pursuant to a statute with a mandatory minimum and, therefore, any reduction is not

authorized under 18 U.S.C. 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(A).  Accordingly, his motion

for resentence based on retroactive application of the amendment must be and hereby is denied.

Furthermore, as the government points out, Congress lowered the statutory mandatory

minimum penalty for various crack cocaine offenses through the Fair Sentencing Act of 2010

("FSA").  The reduction applies to defendants sentenced on or after August 3, 2010, the date the

FSA was enacted.  *See United States v. Hill*, No. 06 Cr. 21, 2012 WL 90151, at *2 (D. Conn. Jan.

11, 2012) (citing U.S.S.G. § 1B1.10(b)(2)(A)) ("Thus, even if Amendment 750 had the effect of

lowering Hill's base offense level, this Court does not have the authority to reduce his sentence

to a term that is less than the statutory mandatory minimum that applied at the time he was

originally sentenced.").

Defendant was sentenced on July 2, 2009.  Accordingly, defendant's sentence is not

affected by the FSA because he was sentenced approximately thirteen months prior to the date

the amendment became effective.

## Conclusion

For the foregoing reasons, defendant's motion for resentencing based on the retroactive application of amended U.S.S.G. § 2D1.1 or pursuant to the Fair Sentencing Act of 2010 is hereby **DENIED**.

**SO ORDERED**.

Dated: October 4, 2012
      Central Islip, New York

_____/s/_____
Thomas C. Platt, U.S.D.J.
